RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. I do not concur in the majority’s conclusion that the Immi *686 gration Judge (IJ) agreed to allow the Petitioner to file piecemeal applications for cancellation of removal. There was no agreement to reopen the proceedings. Rather, the judge allowed the Petitioner to withdraw the application and resubmit it once she had gathered all her documents. The governing regulation expressly precludes the piecemeal approach. See 8 C.F.R. § 1003.23(b)(3) (providing that a motion to reopen “must be accompanied by the appropriate application for relief and all supporting documents”) (emphasis added). The majority disposition acknowledges that the IJ conditioned the reinstatement of the application on Petitioner having all her documents ready at some later time. See Majority Disposition, p. 2. Absolutely no mention was made by the IJ or the petitioner of supplementing the admittedly incomplete application. Because the Petitioner’s motion to reopen was not accompanied by all supporting documents, the Board of Immigration Appeals acted within its discretion when it denied Petitioner’s motion to reopen.
I also part company with the majority’s conclusion that the Petitioner was not given an opportunity to be heard. The IJ specifically stated that the motion was only denied “until physical presence evidence is presented.” Rather than present the physical presence evidence in a fully completed application, the Petitioner elected to appeal. Any denial of an opportunity for a hearing was self-imposed.